IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRODGERICK TRENDON ELLIS | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-06-CV-0200-P |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Brodgerick Trendon Ellis, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed without prejudice for failure to exhaust state remedies.

I.

Petitioner was convicted of possession of a controlled substance and sentenced to 15 years confinement. His conviction and sentence were affirmed on direct appeal. *Ellis v. State*, No. 05-02-01851-CR, 2004 WL 51839 (Tex. App. -- Dallas, Jan. 13, 2004, pet. ref'd). Petitioner also filed an application for state post-conviction relief. The application is currently pending before the Texas Court of Criminal Appeals. *Ex parte Ellis*, No. 62,967-01.

In his federal writ, petitioner seeks relief on the grounds that: (1) his conviction was based on uncorroborated accomplice testimony; (2) the prosecutor commented on his failure to testify; (3) he received ineffective assistance of counsel; (4) evidence of a prior conviction was introduced

during the guilt-innocence phase of the trial; and (5) there was a break in the chain of custody of the drugs used to obtain his conviction.

II.

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 103 S.Ct. 1508 (1983). A Texas prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 2862 (1991); *Bautista*, 793 F.2d at 110.

On direct appeal, petitioner argued that his conviction was based on uncorroborated accomplice testimony and the prosecutor commented on his failure to testify. Petitioner did not raise any of the other arguments presented in his federal writ. *See Ellis*, 2004 WL 51839 at *1. Instead, those claims were raised for the first time in a state writ that is currently pending before the Texas Court of Criminal Appeals. Because the highest available state court has not yet considered these claims, petitioner's federal writ must be dismissed. *See Arnold v. Dretke*, No. 3-04-CV-1974-L, 2004 WL 2296719 at *1 (N.D. Tex. Oct. 13, 2004) (dismissing federal writ for failure to exhaust where state writ raising same claims was pending before Texas Court of Criminal Appeals).

**RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be dismissed without prejudice for failure to exhaust state remedies.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 7, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE